**PARR, Plaintiff-Appellee, v. DICKSON, Defendant Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4099. Decided November 19, 1947.

352

Thomas W. Applegate, Columbus, for plaintiff-appellee.
James F. Henderson and Russ Bothwell, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

Submitted on motion by the plaintiff-appellee for an order dismissing the appeal for the reason that the same was not filed within twenty days after the overruling of the motion for a new trial as required by §12223-7 GC.

The record discloses that the judgment was rendered on September 26, 1947, and motion for new trial was duly filed and overruled on October 3, 1947. On October 17, 1947, a motion for rehearing was overruled and separate findings of fact and conclusions of law were requested. On October 21, 1947 findings of law and fact were filed. On October 24, 1947, notice of appeal was filed. The notice of appeal is "from the orders and judgments and findings of the Municipal Court and the judgments for possession of the premises rendered in favor of the plaintiff and against defendant and also from the so-called findings of fact of October 21, 1947".

Sec. 12223-7 GC provides that the notice of appeal shall be filed within twenty days after the overruling of the motion for a new trial. The appellant is contending that the notice of appeal was filed within the twenty day period, and is contending further that the appeal is from the finding of facts and law filed on October 21, 1947. The statute with reference to the time of perfecting an appeal is definite and makes no provision for fixing the date within twenty days after the filing of the finding of fact and law. In order to compute the time within which an act is to be done the first day shall be excluded and the last day included. In the instant case the notice of appeal was filed on October 24th, which would be the 21st day after the overruling of the motion for new trial, and therefore was not filed within the time required by §12223-7 GC. The motion is sustained and the appeal is ordered dismissed at appellant's costs.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.